# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| vs. § | No. 3:17-CR-341-B |
| § | |
| MAYELI MOLINA § | |

## MEMORANDUM OPINION AND ORDER

By electronic order of reference dated December 23, 2019 (doc. 805), before the Court is *Defendant's Motion for Continued Pretrial Release and Incorporated Brief,* filed December 20, 2019 (doc. 804). Mayeli Molina (Defendant) appeared in person and through counsel for a hearing on January 3, 2020. After consideration of the filings, evidence, testimony, oral argument, and applicable law, Defendant's motion for continued pretrial release is **DENIED**.

### I. BACKGROUND

On September 26, 2017, Defendant was charged by superseding indictment with conspiracy to possess with intent to distribute methamphetamine. (*See* doc. 84.) She was arrested and made her initial appearance on October 11, 2017, and she was released on conditions of pretrial release that same day, after the government orally moved to withdraw its motion to detain. (*See* docs. 120, 122.) On December 20, 2019, a jury convicted Defendant of the charge in the superseding indictment, and she was remanded into custody. (*See* docs. 799, 802, 804.)

Defendant's motion contends that exceptional reasons why she should not be detained exist because (1) she has been consistently and gainfully employed for many years; (2) she has an 8-week-old baby who was exclusively breast fed at the time of her detention and whose health may suffer; (3) she has two older children for whom she cares; and (4) she has longstanding property and family ties to the area. At the hearing, Defendant's husband testified that Defendant has lived in the area for 20

years, they own a home, and they have three children, including an 8-week-old baby. The baby is having trouble adjusting to the formula and throws up, the other children also need her, and he needs more time to arrange care for his children. He also testified that he has family locally, he has not asked them for help with child care, although they would help him if he asked, and that he does not think that Defendant is guilty. Defendant's father, sisters, and grandmother live in Michoacan, Mexico, and Defendant visits them. Defendant's brother testified that Defendant is not going to get into trouble, he just heard that the baby is not well, and he also does not think that Defendant is guilty.

The government's witness testified that Defendant was intercepted on a wiretap arranging a one-kilogram sale of methamphetamine. Her involvement in the conspiracy was later determined to be more significant than originally thought, based on text messages, wire transfer receipts and other evidence. The witness testified that Defendant had not been truthful during her proffer with the government, and she had tried to minimize her involvement. Defendant is facing a mandatory minimum of ten years of imprisonment, and she will be deported after completing her sentence.

It is undisputed that Defendant was compliant with her conditions of pretrial release while awaiting trial.

## II. ANALYSIS

Section 3143(a)(2) of Title 18 mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited circumstances. It provides:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> > **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

**(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

**(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). In addition, § 3145(c) provides that a person subject to mandatory detention under this section may also be ordered released if the person meets the conditions of release in § 3143(a)(1)[1] and it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate. *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir. 1999) (*per curiam*).[2]

The offenses listed in § 3143(a)(2) for which detention is mandatory at this stage of the proceedings described in § 3142(f)(1)(A)-(C) include crimes of violence, crimes with a life sentence, and drug offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. 801 *et seq*. In this case, Defendant has been found guilty of a drug offense that falls within the ambit of § 3142(f)(1)(C). Accordingly, her detention pending sentencing is mandatory unless she makes the showings required under § 3143(a)(2) or § 3145(c).

Defendant has not made the required showing by clear and convincing evidence that she is not

---

[1] Section 3143 (a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

[2] In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions". This provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2) despite its inclusion in a section generally covering appeals.

a flight risk. She has significant close family ties to Mexico, has now been convicted of a serious drug offense, is facing a significant sentence, and will be deported after serving her sentence. Her baby and children need her, and her immediate family does not think she is guilty despite the jury's verdict after listening to the evidence. She therefore does not meet the requirement for release while awaiting sentencing under § 3143(a)(1). Even assuming for purposes of her motion that she has met that requirement, however, she has also not met the exceptional reasons requirement in § 3145(c).

Although the Fifth Circuit Court of Appeals has not defined "exceptional circumstances" for purposes of this statute, the Second Circuit has described it as "a unique combination of circumstances giving rise to situations that are out of the ordinary", *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Eighth Circuit has explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See U.S. v. Cyrus,* No. 10-0228-04, 2010 WL 5437247, *1-2 (W.D. La. Dec. 27, 2010) (need to attend to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *U.S. v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex.1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *U.S. v. Dempsey*, No. 91-098, 1991 WL 255382, *1-2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *U.S. v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, *1-2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts).

Defendant's compliance with her conditions of release, while commendable, does not rise to the level of exceptional circumstances or take this case outside of the ordinary case. *See United States v. Wright,* No. 3:16-CR-373-M, 2018 WL 1899289, *4 (N.D. Tex. Apr. 19, 2018) ("a defendant who is compliant with his release conditions and doing everything that [he] should is– however commendable– not so out of the ordinary" or exceptional); *United States v. Perez,* No. 3:18-CR-128-N, 2018 WL 6436439, *5 (N.D. Tex. Dec. 7, 2018) (compliance with conditions of release is commendable but not out of the ordinary); *United States v. Phounesavath*, No. 3:16-CR-474-N, 2017 WL 2572776, at *4 (N.D. Tex. June 14, 2017) (compliance with conditions of release is not out of the ordinary or "exceptional"); *U.S. v. Norris,* No. 15-68, 2016 WL 5070254, *3 (E.D. La. Sept. 20, 2016) (compliance with conditions of release was not exceptional for purposes of § 3145(c)).

As for her children, courts in this circuit have found that the need to care for and prepare family members for a defendant's absence and to work is not exceptional. *See Wright,* 2018 WL 1899289, *4 (citing numerous cases for the proposition that caring for children and maintaining employment are not exceptional); *U.S. v. Posada,* 109 F. Supp. 3d 911, 913-16 (W.D. Tex. 2015) (finding that desire to make arrangements for family member and manage personal affairs did not constitute "exceptional reasons" even though the government did not oppose release and the defendant had complied with all pretrial release terms); *U.S. v. Landry,* No. 15-32-JWD-SCR, 2016 WL 5202458, *2-4 (M.D. La. Sept. 4, 2016) (need to care for family was not an "exceptional reason"); *U.S. v. Dempsey*, No. 91-098, 1991 WL 255382, *1-2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *U.S. v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, *1-2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more

exceptional than those routinely rejected by courts).[3]

Courts which have found that the need to care for a child rises to the level of exceptional circumstances have generally done so where the defendant has shown that there is a specific need for the defendant parent's assistance. *See United States v. Brown,* 2019 WL 4139402, at * (N.D. Tex. Aug. 30, 2019) (the defendant's step-mother, who was the caregiver for defendant's son, had recently been diagnosed with cancer and was undergoing chemotherapy, and defendant was the only other person available to care for her son, and the defendant was eligible for probation); *United States v. Franklin,* 843 F. Supp. 2d 620, 622-23 (W.D.N.C. 2012) (6'1" 240-pound child with special needs reacted violently to family members other than the defendant, who was his father and caretaker, and the government did not object to finding of exceptional circumstances); *United States v. Hooks,* 330 F. Supp. 2d 1311, 1313 (M.D. Ala. 2004) (defendant was a single mother who needed to make arrangements for care of her three children during her incarceration); *United States v. Rentas,* 2009 WL 3444943 (S.D.N.Y. 2009) (special needs child was unusually dependant on defendant parent). Defendant has not identified any case law in which a court found that a need to continue breastfeeding a baby who was having difficulty adjusting to formula rose to the level of exceptional. Although Defendant's baby and children need her, she has not shown a specific need for her assistance.

Based on the weight of authority, the Court cannot find that Defendant has shown exceptional

---

[3]Likewise, courts in other circuits have generally found that the need to care for a family member does not rise to the level of exceptional circumstances. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (personal reasons such as caring for a family or gainful employment are not exceptional) (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases)); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (taking care of children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (noting that although the need to care for a child could constitute exceptional circumstances in combination with other factors, the defendant had not made the requisite showing despite child's medical issues); *U.S. v. Varney*, No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *4 (E.D. Ky. May 31, 2013) (finding that the defendant's chronic medical conditions and his status as his seriously ill wife's sole caretaker did not rise to the level of exceptional circumstances); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992) (finding difficult pregnancy of teenage daughter insufficient).

circumstances justifying continued release.

## III. CONCLUSION

Defendant has not met her burden to establish by clear and convincing evidence that she is not a flight risk, or to clearly show exceptional reasons why she should not be detained pending sentencing. The Court therefore cannot make the required findings to support release pending sentencing, and the motion for continued pretrial release is denied.

**Signed this 6th day of January, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE